# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IMAGESTUFF.COM, INC., d/b/a<br>SCHOOL LIFE,<br>a California Corporation, | Court File No. |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| LUCKY LITTLE LEARNERS, LLC,<br>a Minnesota limited liability company;<br>and ANGELA OLSON, an individual, | |
| Defendants. | |

## COMPLAINT

Plaintiff ImageStuff.com, Inc. d/b/a School Life ("School Life" or "Plaintiff") brings this suit for trademark infringement, counterfeit trademark infringement, unfair competition, and deceptive trade practices against Lucky Little Learners, LLC ("Lucky") and Angela Olson ("Olson") (collectively, "Defendants"). Plaintiff alleges as follows:

### THE PARTIES

1.  Plaintiff School Life is a California corporation with its principal place of business at 4045 Via Pescador, Suite A, Camarillo, California 93012-6830.

2.  Upon information and belief, Defendant Lucky Little Learners LLC is a Minnesota limited liability company with its principal place of business at 35644 135th Street, Frazee, MN 56544.

1

3. Upon information and belief, Defendant Angela Olson is an individual who resides at 35644 135th Street, Frazee, MN 56544.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over claims in this Complaint based on federal statutes pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1338(a).

5. The Court has supplemental subject matter jurisdiction over claims in this Complaint based on state law pursuant to 28 U.S.C. § 1338(b) and § 1367(a), as all claims herein form part of the same case or controversy.

6. Personal jurisdiction exists over Lucky because upon information and belief it is a Minnesota limited liability company and it conducts substantial business in Minnesota, and therefore has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Lucky to suit in this forum. Lucky purposefully directed its harmful conduct alleged herein at this forum, and purposefully availed itself of the benefits of Minnesota with respect to the claims alleged herein.

7. Personal jurisdiction exists over Ms. Olson because she is a resident of this District, and upon information and belief, is the owner and Manager of Lucky and is the primary and active decision-maker at Lucky.

8. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### School Life's Background and Products

9. School Life is a family-owned, California-based company that has been in business for 20 years. Since at least January 2012, and as early as 2010, School Life has designed, produced, and sold decorative tags (including within Minnesota) with encouraging sayings and graphics that incentivize and reward children for academic achievements and positive behaviors—the BragTags® products—among other applications. Students may, for example, earn and collect on a chain BragTags® dog tags for their various achievements throughout the year. School teachers across the country have resoundingly praised School Life's BragTags® products as fantastic tools for contributing to a successful classroom experience for their students (*see* examples of genuine BragTags® products at **EXHIBIT A**).

10. School Life sells BragTags® products with pre-made designs and sayings, and also allows its customers to create their own customized BragTags® products, such that customers may select their own colors, logos, text, and tag shapes.

11. School Life offers its BragTags® products for sale to customers nationwide, through its website at www.schoollife.com, as well as through other trade channels.

12. The following images show examples of genuine BragTags® products sold on School Life's website:

 

13. Plaintiff is the owner of a Federally Registered Trademark in the word mark BragTags® (hereinafter, "BRAGTAGS"), as confirmed by The United States Patent and Trademark Office's ("USPTO") issuance of Registration No. 4,315,817 (*see* Registration Certificate at **EXHIBIT B**). School Life also is the owner of common law rights in the BRAGTAGS mark.

14. In fact, with its continuous use in commerce for more than five years, School Life's registered BRAGTAGS trademark has achieved "incontestable" status under the law, as acknowledged by the USPTO (*see* **EXHIBIT C**). *See also* 15 U.S.C. § 1065.

15. Despite School Life's federally registered and common law intellectual property rights, Defendants Lucky, and its Manager and primary actor, Ms. Olson, began advertising and selling pre-designed bundles of student incentive and achievement tag materials under the identical (or virtually identical) "Brag Tags" or "Brag Tag" name, as well as supplies for teachers to make customized tags for students (*see* examples of Lucky's infringing products at **EXHIBIT D**).

16. School Life has not authorized or licensed Lucky or Ms. Olson to use the registered BRAGTAGS mark in connection with Lucky's products.

17. Upon information and belief, Defendants are advertising and selling infringing products using the "Brag Tags" name on the website, www.luckylittlelearners.com, which links to a website called www.teacherspayteachers.com when a customer adds an order to its online "cart" and seeks to purchase its order. Upon further information and belief, Defendants accept payment from customers in return for downloading sheets of pre-designed student incentive and achievement tags under the "Brag Tags" name.

18. Defendants also permit customers to download and purchase customizable "Brag Tag" materials, and Ms. Olson hosts live presentations on social media using the "Brag Tags" name to advertise Lucky's infringing tags (*see* **EXHIBIT D**).

19. Defendants are selling decorative tags, and materials for making customized tags, under the misappropriated "Brag Tags" name in the same channels of commerce (e.g., online), to the same type of customers (e.g., teachers), and for the same purpose of incentivizing and rewarding children for achievement and positive behaviors. Indeed, upon information and belief, Lucky's owner, Ms. Olson, has built a business around copying that takes advantage of the goodwill that School Life has built for its genuine BRAGTAGS mark in the education market.

20. Upon information and belief, Defendants have intentionally and willfully infringed School Life's registered and common law rights in the BRAGTAGS mark, knowing that the goodwill and property rights School Life has built in this mark

5

rightfully belong to School Life. Defendants systematically have copied and infringed upon School Life's BRAGTAGS mark.

21. School Life sent a letter to Lucky in April 2018, further notifying Lucky of its rights and requesting that it cease and desist from using the BRAGTAGS mark in connection with its products. Lucky responded that it intended to continue its infringing conduct.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114 *et seq.*

22. School Life incorporates by reference all preceding paragraphs contained in this Complaint.

23. School Life is the owner of a valid, federally registered, and incontestable trademark in BRAGTAGS.

24. The BRAGTAGS mark is protectable and distinctive in the relevant market with respect to School Life's children's achievement and incentive tags.

25. School Life has continuously used the BRAGTAGS mark in connection with its goods throughout the United States since at least as early as January 2012, and including use on goods sold to customers in Minnesota.

26. The "Brag Tags" name used by Lucky and Ms. Olson in connection with Lucky's products is identical or substantially identical in sound, appearance and meaning to School Life's BRAGTAGS mark.

27. Lucky and Ms. Olson have used the BRAGTAGS mark or a confusingly

6

similar variation of it, without authorization, in connection with the sale, offering for sale, distribution or advertising of substantially similar goods and/or services as School Life, including pre-designed bundles of children's achievement and incentive tags and customizable tags.

28. Lucky and Ms. Olson have advertised and sold Lucky's confusingly similar tags under the name "Brag Tags" in the same channels of trade as School Life (e.g., online), to the same types of customers (e.g., school teachers).

29. Upon information and belief, Ms. Olson is an officer of Lucky and has actively and directly engaged in the conduct of Lucky alleged herein as constituting infringement of School Life's BRAGTAG mark.

30. Defendants' use of the "Brag Tags" name is likely to cause confusion to consumers in the relevant market, and is likely to deceive consumers. Defendants' conduct constitutes trademark infringement of School Life's registered BRAGTAGS mark.

31. Upon information and belief, Defendants' infringement of School Life's BRAGTAGS mark was willful and done with knowledge that their unauthorized use of the BRAGTAGS mark is likely to cause confusion in the marketplace and deceive relevant consumers as to the source of the tags associated with the misappropriated name "Brag Tags." Defendants have engaged in systematic and serial copying of School Life's intellectual property with respect to the BRAGTAGS mark, to unfairly reap the benefit of School Life's goodwill and the association it has created in the minds of school teachers and other relevant consumers.

32. As a direct and proximate result of Defendants' trademark infringement, School Life has been damaged within the meaning of 15 U.S.C. § 1114 et seq.

33. School Life has suffered damages in an amount to be established through proof at trial.

34. School Life is further entitled to disgorge Defendants' profits for its willful sales and unjust enrichment.

35. School Life's remedy at law is not adequate to compensate for injuries inflicted by Defendants. Thus, School Life is entitled to temporary, preliminary, and permanent injunctive relief.

## SECOND CAUSE OF ACTION

## COUNTERFEIT TRADEMARK INFRINGEMENT

## 15 U.S.C. § 1114 *et seq.*

36. School Life repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein in full.

37. Defendants have used the name "Brag Tags" in connection with their sale of children's achievement and incentive tags and materials, which is a non-genuine and counterfeit version of School Life's registered BRAGTAGS mark.

38. Defendants' "Brag Tags" name used in connection with sale of their children's achievement and incentive tags and materials is identical to, or substantially indistinguishable from, the BRAGTAGS mark.

39. The BRAGTAGS mark is registered on the Principal Register, and Defendants are intentionally using a counterfeit "Brag Tags" name (in this Count,

"Counterfeit Mark") in connection with sale of their goods, knowing the "Brag Tags" name to be a counterfeit, or being willfully blind to that fact.

40. Defendants' use of the "Brag Tags" name as described herein falsely suggests that Defendants' goods have been approved or certified by School Life, and unfairly trades on the reputation and goodwill School Life has built in that mark.

41. Upon information and belief, Ms. Olson is an officer of Lucky and has actively and directly engaged in the conduct of Lucky alleged herein as constituting infringement of School Life's BRAGTAG mark.

42. School Life did not authorize Defendants' use of the Counterfeit Mark, and such unauthorized use of the BRAGTAGS mark is likely to confuse consumers into falsely believing the Defendants' goods are authorized or certified by School Life when, in fact, they are not.

43. Defendants' use of the Counterfeit Mark without consent from School Life was and is a willful and intentional infringement of School Life's registered BRAGTAGS mark.

44. Defendants have profited from their acts of infringement. School Life is entitled to recover Defendants' profits arising from the infringement, any damages sustained by School Life arising from said infringement, as well as the costs of this action. School Life is also entitled to an enhanced award of profits and/or damages to fully and adequately compensate it for Defendants' infringement. At its election, School Life also is entitled to statutory damages.

45. Defendants have caused and, unless enjoined by this Court, will continue to

cause irreparable injury to School Life and the reputation and goodwill it has built in the marketplace in its BRAGTAGS mark that is not fully compensable in monetary damages. School Life is therefore entitled to a temporary, preliminary, and permanent injunction enjoining and restraining Defendant from use of the BRAGTAGS mark, the Counterfeit Mark, or any other mark that is substantially identical or confusingly similar to the BRAGTAGS mark.

### THIRD CAUSE OF ACTION
**COMMON LAW UNFAIR COMPETITION - 15 U.S.C. § 1125** *et seq.*

46. School Life incorporates by reference all preceding paragraphs contained in this Complaint.

47. School Life owns common law trademark rights in the mark BRAGTAGS that have been established through its continuous use in U.S. commerce in connection with achievement and incentive tags, including such use within the State of Minnesota.

48. Defendants' use of the "Brag Tags" name in connection with its pre-made tags and materials to make customized tags create a likelihood of confusion with relevant consumers as to the source of Lucky's goods and services. Defendants' have committed acts of common law trademark infringement and unfair competition under 15 U.S.C. § 1125 *et seq.*, including the practices and conduct referred to above.

49. Upon information and belief, Defendants have intentionally infringed School Life's rights in the BRAGTAGS mark.

50. Upon information and belief, Ms. Olson is an officer of Lucky and has actively and directly engaged in the conduct of Lucky alleged herein as constituting

unfair competition and infringement of School Life's BRAGTAG mark.

51. As a direct and proximate result of Defendants' wrongful acts, School Life has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, School Life's remedy at law is not adequate to compensate for injuries inflicted by Lucky. Accordingly, School Life is entitled to temporary, preliminary and permanent injunctive relief.

52. By reason of such wrongful acts, School Life is and was, and will be in the future, deprived of, among other things, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationship. Defendants have wrongfully obtained profit and benefits instead of School Life. School Life is entitled to compensatory damages and disgorgement of Defendants' said profits, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES - MINN. STAT. § 325D.44

53. School Life incorporates by reference all preceding paragraphs contained in this Complaint.

54. Defendants have engaged in deceptive trade practices and committed acts of unfair competition, including the practices and conduct referred to in this Complaint. These actions constitute passing off goods or services as those of School Life. The actions also cause likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Lucky's goods or services, and cause likelihood or of misunderstanding as to the affiliation, connection or association of Lucky's goods with

School Life. The actions were done in connection with sales and advertising of Lucky's products under the "Brag Tag" or "Brag Tags" name.

55. Upon information and belief, Ms. Olson is an officer of Lucky and has actively and directly engaged and participated in the conduct of Lucky alleged herein as constituting deceptive trade practices and trademark infringement.

56. As a direct and proximate result of Defendants' wrongful acts, School Life has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill, and has lost profits and the benefits of business relationships and transactions with various third parties. School Life has been harmed and will continue to be harmed by this conduct of Defendants. Defendants have earned profits due to its wrongful conduct that rightfully belong to School Life. Accordingly, School Life is entitled to temporary, preliminary and permanent injunctive relief.

57. School Life is thus entitled to its costs, as well as its attorneys' fees, as upon information and belief, Defendants willfully engaged in deceptive trade practices, with knowledge of School Life's rights as set forth above.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues that are so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

A judgment in favor of School Life with a finding of liability against each of Lucky Little Learners LLC and Angela Olson on all counts, jointly and severally, and

including:

1. A preliminary and permanent injunction from trademark infringement and unfair and deceptive business practices by Defendants with respect to School Life's BRAGTAGS mark;

2. Damages in an amount to be determined at trial;

3. Defendants' unjust enrichment and/or disgorgement of Defendants' profits;

4. A finding that Defendants willfully and intentionally infringed upon Plaintiff's rights in the BRAGTAGS mark;

5. Trebling of damages for willful infringement and unfair competition;

6. Restitution;

7. Exemplary and punitive damages;

8. Pre-judgment interest at the legally allowable rate on all amounts owed;

9. Costs and expenses;

10. A finding that Ms. Olson actively and directly participated in infringing conduct subjecting her to personal liability based on the aforementioned counts;

11. A finding that Plaintiff is the prevailing party and an award of attorneys' fees and other fees under, among others, 15 U.S.C. § 1117(a) et seq. as an exceptional case;

12. Restitution;

13. With respect to Plaintiff's trademark infringement count for use of a counterfeit registered mark, order Defendants to pay damages of School

Life as follows:

a) The greater of School Life's damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a), such amount being trebled for Defendant's intentional and knowing use of a counterfeit of Plaintiff's the federally registered trademark BRAGTAGS, together with an award of reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(b); and

b) If School Life so elects, statutory damages for use of a counterfeit mark in an amount up to $200,000 per counterfeit mark per type of goods or services sold, or up to $2,000,000 per counterfeit mark per type of goods or services sold upon a finding of willful infringement, pursuant to 15 U.S.C. § 1117(c); and

14. Such other and further relief as this Court may deem just and proper.

**HELLMUTH & JOHNSON, PLLC**

Dated: July 3, 2018

By: s/Jonathan D. Jay
Jonathan D. Jay (Attorney ID 18603X)
Nicholas S. Kuhlmann (Attorney ID 33750X)
Alexander J. Farrell (Attorney ID 390202)
8050 West 78th Street
Edina, Minnesota 55439
Tel: (952) 941-4005
Fax: (952) 941-2337
Emails: jjay@hjlawfirm.com
nkuhlmann@hjlawfirm.com
afarrell@hjlawfirm.com

**ATTORNEYS FOR IMAGESTUFF.COM, INC.**